MARVIN DOLD v. STATE.

No. A-7973.  Opinion Filed Aug. 8, 1931.
(2 Pac. [2d] 97.)

John A. Goodall, for plaintiff in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Rogers county of robbery with firearms and was sentenced to serve a term of 25 years in the penitentiary.

The record discloses that at the time charged defendant with one Shock entered the First State Bank of Inola and with pistols held up the bank and robbed it of $733. They then departed in an automobile, taking with them Mr. and Mrs. Koenig, who were in charge of the bank, and one Cassel, who had observed their movements. They carried these parties some distance and then forced them out of the automobile. This defendant was tried separately.

The principal contention made is that certain statements of defendant amounting to an admission of guilt were obtained by duress and third-degree methods.

It is not claimed that the evidence is insufficient and there appears to be no doubt of defendant's guilt. He is identified by both Mr. and Mrs. Koenig and by W. L.

Riggs, a 14 year old boy who was standing near by when the persons committing the robbery forced the Koenigs and Cassel into the automobile.

Defendant did not offer any witness in his behalf and did not testify on the question of guilt, but was called for the limited purpose of denying that the statements made by him were voluntary. It is settled by the decisions of this court that a confession obtained by any form of compulsion is not admissible, since it violates defendant's constitutional privilege against self-incrimination. In deciding whether or not a confession is admissible, the trial court is vested with a large discretion; but this discretion must be exercised with care. When it appears that the constitutional right against self-incrimination has been violated, this court will not hesitate to set aside a judgment obtained by evidence procured by compulsion and to grant a new trial. Berry et al. v. State, 4 Okla. Cr. 202, 111 Pac. 676, 31 L. R. A. (N. S.) 849; Doublehead v. State, 27 Okla. Cr. 375, 228 Pac. 170; 1 Wig. on Ev., § 860.

A careful scrutiny of the evidence convinces us the court did not err in admitting the evidence here complained of.

It is next argued that the punishment assessed is excessive, and it is set out that the codefendant Shock was sentenced to serve a term of ten years for the same offense. This is outside the record, however. We have no judicial knowledge of the fact of the circumstances surrounding such sentence. The lesser punishment in that case would be no legal reason for modifying the judgment.

The case is affirmed.

CHAPPELL, J., concurs. DAVENPORT, P. J., absent, not participating.